IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUSS CONSTRUCTION, | ) |
| Plaintiff, | ) |
| | ) Case No. 13 C 5479 |
| v. | ) |
| | ) Jeffrey T. Gilbert |
| UCHICAGO ARGONNE, LLC, | ) Magistrate Judge |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant UChicago Argonne LLC's Fourth Motion to Compel [Dkt.#56]. For the reasons stated on the record during the motion hearing held on October 17, 2014, and incorporated by reference herein, Defendant's Fourth Motion to Compel is granted. The newly discovered documents identified by Plaintiff Clauss Construction that are at issue in the Motion will be excluded from evidence and will not be permitted to be used in this case going forward. Defendant's request for monetary sanctions also is granted. The Court awards Defendant the attorneys' fees and costs it incurred in preparing, filing and appearing in Court on its Fourth Motion to Compel.

On September 19, 2014, only 11 days before the close of discovery, Plaintiff discovered numerous boxes of relevant or potentially relevant documents that had not been previously produced. Plaintiff did not produce the new documents in electronic form with Bates-labeling in accordance with the parties' agreed production protocol. Instead, Plaintiff provided photographs of the documents and boxes and some incomplete indexes, which clearly did not satisfy its obligations under the parties' previous agreement or the Federal Rules of Civil Procedure. In its Motion to Compel, Defendant argues that Plaintiff either should have to comply with the parties'

agreement and produce the material in the correct format, or all documents that do not comply with the Bates-stamping provision of the agreed protocol that governed the exchange of information in this case should be excluded from use in this case. Defendant gave Plaintiff the option of which avenue to travel.

Plaintiff has chosen to have the newly discovered documents excluded from evidence. Plaintiff's Brief In Opposition To Defendant's Fourth Motion To Compel [Dkt.#60], at 2 ("Clauss consents to the exclusion of those recently discovered documents from evidence in this proceeding.") As a result, Plaintiff will not comply with the parties' agreed protocol to produce the late-discovered documents and will not produce the newly discovered boxes of documents. To be clear, the parties have agreed, and this Court will order, that the only documents that can be used in this case going forward are documents that are Bates-labeled and were produced in compliance with the parties' agreed protocol. Specifically, these are the documents included in the table prepared by Defendant in its Reply Brief in Support of its Fourth Motion to Compel [Dkt.#61], at 3-4, and incorporated herein by this reference.

In its Motion to Compel, Defendant also argues that Plaintiff should be sanctioned further and be required to pay Defendant's attorneys' fees and expenses for having to file and come to Court on the present Motion. The Court agrees. This is the fourth motion to compel filed by Defendant. At first or second blush, it was not clear to the Court why Defendant was having so much difficulty in discovery and who, if anyone in particular, was the source of the problem. Over time, it has become evident to the Court that Plaintiff is the source of most of the problems the parties have encountered. Plaintiff's attempt to produce boxes of documents at the eleventh hour and not in electronic form with Bates-labeling as the parties previously had agreed to do is the last straw.

Plaintiff argues that many or even all of the newly discovered documents are duplicative of documents previously produced and/or irrelevant to the claims or defenses in this case. It is unclear, however, how many of the documents are duplicative, how many are new documents that never have been produced to Defendant, and whether any of the documents are relevant or would lead to the discovery of admissible evidence. And we will never know the answers to these questions because of the way Plaintiff has conducted itself.

Plaintiff argues that it is a small company with "a certain lack of sophistication, especially with respect to records management issues." Plaintiff's Response to Fourth Motion to Compel [Dkt.#60], at 2. That may be true, and even an understatement, but it is not an excuse. Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the parties' agreed discovery protocol and even its admitted "lack of sophistication" has cost Defendant a fair amount of money over the course of the discovery phase of this litigation, including in connection with the instant motion practice. Rule 37 of the Federal Rules of Civil Procedure provides a remedy in appropriate cases. This is such a case. The Court agrees that monetary sanctions are appropriate at this juncture in accordance with Rule 37(a)(5) of the Federal Rules of Civil Procedure and Defendant is awarded its attorneys' fees and expenses incurred in filing its Fourth Motion to Compel and for court appearances related to that Motion. The Court previously set a schedule for Defendant to file its petition in support of those attorneys' fees and expenses and for Plaintiff to respond.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 20, 2014