IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Clauss Construction )
) 13-cv-05479
Plaintiff, )
) Jeffrey T. Gilbert
) Magistrate Judge
v. )
)
UChicago Argonne LLC et al )
)
Defendant. )

## ORDER

Defendant's Motion for a Protective Order Concerning Clauss's Rule 30(b)(6) Topics [67] as supplemented by Defendant's Supplemental Motion for a Protective Order [70] is granted in part and denied in part. This case is set for a status hearing on 1/28/15 at 9:30 a.m. for the purpose of resetting a discovery close date. See Statement below for details.

## STATEMENT

On October 27, 2014, Defendant UChicago Argonne, LLC ("Argonne") filed a Motion for a Protective Order [ECF 67] concerning a draft notice for a Rule 30(b)(6) deposition tendered by Plaintiff Clauss Construction ("Clauss") on September 25, 2014. [ECF 67 at 1] Moving for a protective order against a draft Rule 30(b)(6) deposition notice is, of course, highly irregular. But Argonne says it was frustrated because Clauss had not responded to its objections to Clauss's draft notice and the proposed date for the deposition was fast approaching.[1] [ECF 67 at 2]

In response to Argonne's premature motion for protective order, Clauss served a revised Rule 30(b)(6) notice on October 28, 2014, one day after Argonne had filed its original motion [ECF 70-1] Argonne then filed a supplemental motion for protective order attacking Clauss's revised Rule 30(b)(6) deposition topics as being essentially no different than the original,

---

[1] By reciting the procedural history of the instant Motion, the Court in no way means to condone Argonne's filing of its original Motion for a Protective Order [67] challenging a draft deposition notice. The Court wonders whether a phone call, e-mail or letter perhaps would have been sufficient to alert Clauss's counsel to the frustrations of Argonne's counsel, but that is water under the bridge at this point. Although the Court understands that a party acts at its peril if it does not move for a protective order to prevent a noticed deposition from occurring, it wonders whether the same is true when a party receives a draft notice of deposition. Perhaps a draft motion for a protective order would have been appropriate in that instance. But we digress.

1

objectionable topics. [ECF 70] As it happens, Clauss actually did some work on the topics in response to Argonne's objections served back in September. The Court set a briefing schedule on Argonne's original motion on October 31, 2014 [ECF 69], and it ordered the parties to brief the supplemental motion on the same schedule [ECF 72].

To the extent the Court stated in its order entered on October 31, 2014, that the supplemental motion was granted [*id.*], that was an error; the Court simply meant to indicate that it was accepting the supplemental motion in place of the original motion and to order the parties to brief that motion rather than the initial motion. Since both parties now have briefed the propriety of Clauss's revised Rule 30(b)(6) deposition topics, the Court deals with those topics below as if they were raised in the original motion which is the only motion that still is open on the CM/ECF system.

A.

The standards by which federal courts evaluate a Rule 30(b)(6) notice are settled and need not be repeated here. *E.E.O.C v. Source One, Inc.*, 2013 WL 225033 (N.D. Ill. 2013); *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, *9 (N.D. Ill. 2000). Argonne maintains that all of Clauss's Rule 30(b)(6) topics are, in various measures, vague, overbroad, not particularized and impose upon Argonne an undue burden in terms of preparing its Rule 30(b)(6) witness to testify about them. Argonne also contends that several of the Rule 30(b)(6) topics infringe upon the attorney client privilege or work product doctrine by requiring Argonne's representative to testify about protected matters.

Clauss responds that it has calibrated its revised Rule 30(b)(6) topics to the matters raised in its complaint and in Argonne's answer, affirmative defenses and counterclaim so that the revised topics now are perfectly appropriate for Rule 30(b)(6) testimony. It also argues that its deposition topics do not call for a witness to testify about attorney client privileged communications or attorney work product (they ask for facts) and if its lawyer's questions at the deposition do ask for protected matters, Argonne's counsel properly can object and instruct the witness not to answer.

B.

The Court has gone through each of Clauss's revised Rule 30(b)(6) topics and the parties' respective arguments about them carefully. It also has reviewed the complaint, answer, affirmative defenses and counterclaim. The result of that analysis on Clauss's ability to question Argonne's Rule 30(b)(6) witness about particular matters listed in Clauss's revised Rule 30(b)(6) notice is set forth below.

**Topics 1 and 2**. Both topics are keyed to Clauss's complaint or affirmative matter referenced in Argonne''s answer to the complaint. The fact that prior studies of decontamination and decommission work at the Argonne site comprise 400 pages of material spanning a 20 year period of time is not, in itself, a problem. (The case Argonne cites for its undue burden proposition, *Michelin Prosperity Co. v. Fellowes Mfg. Co.*, 2006 WL 1441575 (D.D.C. 2006), involved five times that amount of material.) Clauss apparently wants to know what effect the

2

prior studies had on Argonne's planning for the project that is at issue in this case particularly in terms of the quantum of contamination at the site. Argonne can prepare someone to testify on that topic and any others germane to the case. The Court agrees it would be unreasonable for Argonne to have to prepare a witness to testify about all of the minutiae contained in all of the prior studies, but Clauss does not seem to be headed in that direction. Instead, Clauss represents that it wants to question an Argonne witness "about the averments it made in its own pleading so Clauss can learn about [Argonne's] asserted defense ["that it had disclosed the extent of the Project site's radioactive contamination to Clauss before it submitted its bid"]." [ECF 88 at 4] That is an appropriate inquiry and Argonne can prepare a witness on that subject.

**Topic 3**. This topic is vague, ambiguous and not specific enough to allow Argonne to prepare a witness to testify about it adequately. It also appears that other topics in the revised Rule 30(b)(6) notice more narrowly address the possible issues included within this topic. Argonne need not prepare a witness to testify about this topic.

**Topic 4**. This is an appropriate topic for a Rule 30(b)(6) deposition. The FONSI indicated there was approximately 2,000 cubic feet of contaminated soil that would have to be removed from the Argonne site. That was the basis upon which Clauss bid the project. Clauss says it wants to know "about the effect of the FONSI on UC Argonne's planning for the project." [ECF 88 at 5] Clauss alleges that the FONSI was prepared without full consideration of more extensive contamination present at the site. [ECF 5 at ¶¶ 10 – 11] Clauss further alleges that Argonne misled it concerning the amount of contamination at the site. [*Id.* at ¶¶12, 61] Even though Clauss has admitted that it does not know how many cubic feet of contaminated soil it removed from the site [ECF 67 at 4], and Clauss did not process a change order indicating it needed to remove more than the 2,000 cubic feet referenced in the contract, Clauss still is entitled to probe what Argonne knew about the extent of contamination at the site when it put the contract out for bid, the effect the FONSI had on Argonne's planning for the project and the effect it had on the specifications for the project that Clauss ultimately bid.

**Topic 5**. This also is an appropriate topic for a Rule 30(b)(6) deposition. It is directly related to Clauss's theory of its case as to why Argonne allegedly provided it with defective specifications for the project or allegedly misled Clauss about the extent of the contamination present at the site. Argonne disagrees with Clauss's theory and thinks Clauss cannot prevail on that theory at trial, but that does not mean Clauss is not entitled to pursue discovery on its theory at this stage of the case.

**Topics 6, 7 and 8**. Topics 6 and 8 are appropriate for a Rule 30(b)(6) deposition. They reference information that is closely tied to Clauss's allegations in its complaint. Topic 7 ("all your pre-bid assumptions concerning performance of the decontamination and demolition work on the Project") is overbroad. As drafted, it potentially encompasses matters that are beyond the confines of Clauss's claims. If Clauss wants to break that topic down into the specific assumptions that are relevant to this case, as it did with Topic 6 ("the assumptions, conditions, and bases for your specification of 2,000 cubic feet of contaminated soil . . . "), it is free to do so. As drafted, however, Topic 7 is too broad and non-specific to permit Argonne to prepare a witness properly.

**Topic 9**. This topic seems to be untethered to the issues involved in this lawsuit. Argonne's interaction with the DOE regarding the four listed sub-topics seems irrelevant and Clauss's one-sentence defense of these topics in its response brief does nothing to shed light on why the topics are relevant. Accordingly, Argonne need not prepare a witness to testify about this topic absent more specificity from Clauss.

**Topic 10**. Argonne complains that this topic includes months of communications and hundreds of emails. [ECF 91 at 9] That is not, by itself, a reason that Argonne should be excused from preparing a corporate representative to talk about the subject. Rather, it is precisely the point of a Rule 30(b)(6) deposition. Clauss maintains that the parties' dispute includes which party was responsible for setting the DCGL levels, the root of this topic 10. [ECF 88 at 6] Argonne says that is wrong; Clauss's witness Mr. O'Dwyer said the DCGLs were within Clauss's scope. [ECF 91 at 10] Clauss also says Argonne questioned Clauss's Rule 30(b)(6) representative about the very same topic, but Argonne retorts that it only questioned Clauss's representative about Clauss's pre-bid investigation regarding the DCGL process and Clauss's cost estimate in that regard, not anything that Argonne did in that regard (which, of course, makes sense since Argonne was questioning a Clauss witness). [ECF 88 at 6; ECF 91 at 9-10] This is an appropriate topic for a Rule 30(b)(6) deposition. If Argonne was not involved in setting the DCGL levels and it did not know about Clauss's work in that regard, then Argonne's witness will have little to say about this topic. If Argonne has knowledge about this topic, then it is discoverable.

**Topic 11**. This is an appropriate Rule 30(b)(6) deposition topic. Argonne's objection to this topic basically sets forth its litigation position on the issue. Clauss is entitled to explore this subject in discovery.

**Topics 12, 13 and 14**. These are perfectly appropriate topics for a Rule 30(b)(6) deposition. They track issues raised by the pleadings. An Argonne representative can be prepared concerning the entity's knowledge or lack of knowledge about these subjects.

**Topic 15**. Argonne objects to this topic, which seeks the entity's knowledge about any contention it is making that Clauss is responsible for "delays to the Project critical path," on the ground that Clauss has not made a claim for critical path delay. [ECF 91 at 12] Clauss does not respond directly to that objection. Instead, it says it is entitled to explore Argonne's contention that any delays were Clauss's fault, not Argonne's. [ECF 88 at 7] To the extent that a "critical path delay" is a term of art, then the Court agrees with Argonne that this topic concerns an issue that is not relevant to a claim or defense in this case. To the extent Clauss wants to explore the subject it described in its response to Argonne's objection, however, it should formulate a Rule 30(b)(6) topic on that subject. Argonne need not prepare a witness to testify about this topic as phrased.

**Topic 16**. This topic is largely argumentative ("[d]ecisions to . . . interfere with Clauss Construction's planned activities for performance of work as described in paragraph 17 of the Complaint") and, for that reason, is counter-productive. Argonne need not prepare a witness to testify about Clauss's characterization of Argonne's activities as interference with Clauss's work. The one aspect of this topic that is factual and not objectionable as argumentative is "[d]ecisions

4

to stop work." Argonne says that Clauss is not seeking any damages related to the only "stop work" order on the project, citing Clauss's Rule 26 disclosure [ECF 91-13]. Although Clauss apparently is not seeking from Argonne the $30,000 it incurred as a result of Argonne's stop work order, Clauss says in its Rule 26 disclosure that it "continues to maintain that its demolition procedure, crane rigging and safety protections were unobjectionable and should not have been the target of a stop work order and an ejection from the site of key Plaintiff personnel." [*Id.* at 9] Whether or not evidence concerning the stop work order ends up being admitted at trial, it is a subject about which Clauss can take discovery given the broader net Rule 26(b)(1) allows for discovery than the Federal Rules of Evidence countenance for the admission of evidence at trial.

**Topic 17**. This is an appropriate topic for a Rule 30(b)(6) deposition. Clauss's theory in this regard is laid out in paragraphs 36 through 38 of its complaint. Argonne contends that Clauss left 1.6 million pounds of contaminated rubble and debris at the site and lied about whether it had removed that material. The contaminated rubble and debris Clauss allegedly left at the site, according to Argonne, led to elevated contamination readings which dropped once the material was removed after months of fighting about it. Clauss disagrees with Argonne's take on the situation as alleged, in part, in paragraphs 36 through 38 of its complaint. Topic 17 focuses on Argonne's interactions with a consultant hired to conduct a confirmatory site survey concerning contamination. Argonne may disagree with Clauss's theory but that doesn't mean Clauss is not entitled to take discovery related to that theory.

**Topics 18 and 19**. These are appropriate topics for a Rule 30(b)(6) deposition. Argonne's objections to Topics 18 and 19 make no sense, at least as the Court understands the issues. Argonne's views about Clauss's final report for the project are relevant and discoverable. That Clauss is "not seeking any damages related to the issuance of Clauss' final report" [ECF 91 at 14] is not a reason to object to discovery concerning Argonne's views of Clauss's final report in a case involving a dispute about Clauss's performance of work for Argonne. Neither is the fact that Clauss supposedly was given Argonne's views about its final report during the project. Similarly, the fact that Clauss already has received Argonne's written responses to Clauss's Request for Equitable Adjustment does not render that subject off-limits in a Rule 30(b)(6) deposition.

**Topic 20**. This topic seems to be duplicative of Topic 19 to some extent and is vague to the extent it references undefined "follow-on submissions." Argonne does not have to prepare a witness on this topic without further specification from Clauss.

**Topics 21 and 22**. These topics ask Argonne to designate a Rule 30(b)(6) witness to testify about the "factual bases underpinning" Argonne's affirmative defenses and counterclaim. Argonne objects that these topics invade the attorney-client and/or work product privileges. There is a difference of opinion among courts as to whether a Rule 30(b)(6) topic that asks an entity to designate a witness to testify about facts underlying legal claims or defenses is appropriate. The issue usually comes down to whether contention interrogatories are a better discovery vehicle for that kind of information than a Rule 30(b)(6) deposition. *Compare TV Interactive Data Corp. v. Sony Corp., 2012 WL 1413368 (N.D. Cal. 2012)* (contention interrogatories more appropriate discovery vehicle in a patent case) *with Radian Asset Assurance, Inc. v. College of Christian Bros. of New Mexico, 273 F.R.D. 689 (D. N.M. 2011)*

(Rule 30(b)(6) deposition concerning factual basis for affirmative defenses and counterclaim can go forward subject to appropriate objections at the deposition as to particular questions). *See also E.E.O.C v. Source One, Inc., 2013 WL 225033, *6-8 (N.D. Ill. 2013)* (Rule 30(b)(6) deposition concerning all information that "supports or rebuts" allegations in complaint deferred until after plaintiff supplements its interrogatory responses).

At this stage of this case, with written discovery concluded and all fact discovery completed except for the Rule 30(b)(6) deposition under present consideration, and given the parties' profound inability to get along during the discovery process as well as Argonne's excessive word-smithing opposition to Clauss's Rule 30(b)(6) notice, a round of contention interrogatories directed at the factual underpinnings for Argonne's affirmative defenses and counterclaim would not be the most productive way to proceed at this juncture. Clauss's Rule 30(b)(6) notice references "facts" supporting Argonne's affirmative defenses and counterclaim, not legal theories. The Court recognizes that a catalogue of all facts that support a legal theory can involve attorney work product to some extent. But a corporate representative can be prepared to testify about facts within the corporation's knowledge. To the extent that questioning moves into matters protected by the attorney-client privilege or work product doctrine, Argonne's counsel can object and even instruct the witness not to answer though the Court hopes that option will be exercised sparingly, if at all, during the deposition.

That said, Argonne's "mend the hold" Affirmative Defense F is a purely legal defense. It does not appear to be a defense that has "factual underpinnings" about which Argonne should have to prepare a corporate witness. Rather, the factual basis for that legal defense is laid out clearly in paragraphs 17 to 20 of Argonne's Affirmative Defense F. No more is required of a Rule 30(b)(6) deponent on that subject.

**Topic 23**. Argonne does not object to this topic.

C.

Finally, Argonne's request for attorneys' fees and costs incurred in filing its motion for a protective order is denied. The motion was denied in more respects than it was granted, and Argonne made more work for itself than was necessary in opposing many of Clauss's revised deposition topics. Clauss did not seek its attorneys' fees incurred in responding to Argonne's motion.

The Court will reset a discovery close date at the status hearing set for January 28, 2015, at 9:30 a.m.

It is so ordered.

Dated: January 13, 2015

Jeffrey T. Gilbert
United States Magistrate Judge

6