# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Clauss Construction | ) | |
| | ) | 13-cv-05479 |
| Plaintiff, | ) | |
| | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| v. | ) | |
| | ) | |
| UChicago Argonne LLC et al | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant UCArgonne, LLC's Motion to Automatically Exclude Clauss' Late Disclosed Potential Witness, Steve Tadlock, and for Further Relief Under Rule 37 [65] is denied as moot in part and denied without prejudice in part. See Statement below for further details.

## STATEMENT

Defendant UCArgonne, LLC ("Argonne") has moved to bar Plaintiff Clauss Construction ("Clauss") from calling Mr. Steven Tadlock as a witness at trial because Clauss did not identify him in its Rule 26(a)(1)(A)(i) disclosures. [ECF 65] Argonne's Motion is denied as moot because Clauss says it does not, and never did, intend to call Mr. Tadlock to support its claims or defenses at trial. Therefore, according to Clauss, Mr. Tadlock was not someone that it was required to identify in its Rule 26(a) disclosures. Clauss is correct that it did not have to identify Mr. Tadlock in its Rule 26(a) disclosures under those circumstances. Argonne's Motion also is denied as moot to the extent it seeks to bar Clauss from presenting a total cost theory of recovery at trial as a sanction for failing to identify Mr. Tadlock in its Rule 26(a) disclosures since Clauss was not required to do so.

Argonne's Motion is denied without prejudice to the extent it seeks to bar Clauss from presenting its total cost theory at trial as a sanction for Clauss's failure to identify Mr. Tadlock in response to Argonne's Interrogatory No. 1. In that Interrogatory, Argonne asked Clauss to identify all individuals with knowledge of Clauss's "cost estimates and the information and methodologies used by Clauss to prepare each detailed cost estimate for the Building 330 Decontamination and Demolition project." [ECF 65 at 3] Clauss did not identify Mr. Tadlock in answer to that Interrogatory. Clauss now characterizes Mr. Tadlock as "a bit player" who had a

"minor and limited role in the project and has been separated from the company for some four years" and says its failure to disclose him as a witness (if disclosure was required) was "an honest mistake." [ECF 89 at 1-2]

Clauss's failure to identify Mr. Tadlock in response to Defendant's Interrogatory No. 1 potentially is a more significant issue than its failure to identify him in its Rule 26(a) disclosures. Even "bit players" can possess relevant information about a project in which they were involved in some way. Argonne says the Clauss witnesses it has deposed to date have disavowed specific knowledge of how Clauss's cost estimates were created. Argonne argues it has spent a lot of time and money on a wild goose chase trying to find out the basis for Clauss's cost estimates without knowledge that Mr. Tadlock was involved in the process of putting together Clauss's bid. Clauss responds that Mr. Tadlock's role in the cost estimation process was minor and that Mr. Clauss, the president of the company, was the person who determined the final bid. [Declaration of Patrick M. Clauss, ECF 89-1] Argonne counters that Mr. Clauss's declaration is blatantly at odds with his deposition testimony to the effect that he was a "minor part" of the process of putting together Clauss's cost estimate for the Argonne project. [ECF 65 at 5-6]

This is an interesting debate, but Argonne did not ask the Court to bar Clauss from presenting its total cost theory at trial on the ground that it failed to identify Mr. Tadlock in response to Argonne's Interrogatory No. 1 until its Reply Memorandum [ECF 90]. In its originally-filed Motion, Argonne argued that Clauss should be barred from presenting its total cost theory because it did not identify Mr. Tadlock in its Rule 26(a) disclosures. [ECF 65 at 12-13] As discussed above, that argument does not fly. It was not until its Reply Memorandum that Argonne argued that Clauss also should be barred from presenting its total cost theory because it had not identified Mr. Tadlock in response to Argonne's Interrogatory No. 1. [ECF 90 at 10-11] Clauss, therefore, has not had a chance to respond directly to Argonne's request that it be barred from presenting its total cost theory because it did not identify Mr. Tadlock in answer to Argonne's Interrogatory No. 1 as Argonne argues in its Reply Memorandum.

The Court will consider Argonne's argument that Clauss should be sanctioned for failing to identify Mr. Tadlock in answer to Argonne's Interrogatory No. 1 in connection with its consideration of Argonne's pending Motion for Dismissal of Clauss Construction's Complaint and Other Relief as a Sanction for Clauss' Failure to Preserve, Spoliation of Evidence and Repeated Abuses of the Discovery Process [74]. Argonne's argument concerning Clauss's failure to identify Mr. Tadlock in response to Argonne's Interrogatory No. 1 is more germane to the issues raised in its Motion for Dismissal in any event. If Clauss wishes to respond to Argonne's argument in its Reply Memorandum [90] concerning the requested sanction of barring Clauss from proceeding with its total cost theory because Clauss did not identify Mr. Tadlock in answer to Argonne's Interrogatory No. 1, it may do so by January 23, 2015. Argonne may, if it wishes, file a reply to whatever Clauss files limited to three (3) pages by January 30, 2015. If Clauss does not wish to say anything more on the subject, then Argonne is precluded from filing anything more as well.

Finally, Clauss asks the Court to require Argonne to pay Clauss's attorneys' fees and expenses incurred in responding to Argonne's Motion [ECF 65] because Argonne should not have filed that Motion without asking Clauss if it intended to call Mr. Tadlock at trial. Clauss is

right; Argonne should not have filed its Motion to Automatically Exclude [ECF 65] without first asking Clauss whether it intended to call Mr. Tadlock at trial. The issue could have been resolved with a stipulation to the effect that Clauss would not call him as a witness. Clauss, however, does not specify the basis for its request for sanctions. The Court has reviewed the Rules of Civil Procedure (specifically Rules 26 and 37) and it is not clear that Clauss is entitled to reimbursement of its fees and expenses for successfully arguing that Argonne's Motion to Exclude should be denied, if that is in fact the basis for Clauss's request for sanctions. To the extent Clauss's request for reimbursement of fees and expenses is grounded in Rule 11, it has not followed the procedure outlined in Rule 11 for a motion for sanctions. Accordingly, Clauss's request for sanctions is denied.

The Court notes that even if sanctions against Argonne are appropriate here, the quantum of fees and expenses that Clauss reasonably could have incurred to explain in writing that it does not and never did intend to call Mr. Tadlock as a witness is minimal and, frankly, a drop in the bucket compared to the amount of money Argonne wasted in filing the Motion to Exclude without first finding out whether it was necessary. It might take more time for Clauss to prepare a fee petition (for which it then could ask for fees on fees) than it reasonably should have taken it to respond to the Motion to Exclude. Alternatively, Clauss could have sent Argonne a letter explaining that it did not intend to call Mr. Tadlock at trial, the parties could have entered into a stipulation to that effect and Argonne could have withdrawn its Motion to Exclude without Clauss having to file a written response. Accordingly, if Rule 37 is the basis for Clauss's request for reimbursement of its fees and expenses, then "other circumstances make an award of expenses unjust" here. Fed. R.Civ.P. 37(a)(5)(A)(iii).

Further, the bulk of Clauss' Response Memorandum – beyond its statement that it did not intend to call Mr. Tadlock as a witness at trial – had to do with Argonne's argument that Clauss should be precluded from presenting its total cost theory at trial. [ECF 89 at 3-8] Clauss appears to argue in its Response that any prejudice to Argonne from its failure to identify Mr. Tadlock as a witness with knowledge of Clauss's cost estimation process is minimal given Mr. Tadlock's minor role in that process and the manner in which Clauss intends to prove its total cost theory at trial. As discussed above, the Court will consider that argument in connection with Argonne's Motion for Dismissal [ECF 74]. Therefore, Clauss's fees and expenses incurred in making this argument in its Response brief would not properly be awarded now on the present record in any event.

Accordingly, for all of the reasons discussed herein, Argonne's Motion to Exclude [ECF 65] is denied as moot in part and without prejudice in part.

It is so ordered.

Dated: January 14, 2015

Jeffrey T. Gilbert
United States Magistrate Judge